Mason & Fant, *et al.*, *vs.* Stricker & Co., *et al.*

---

Mason & Fant *et al.*, plaintiffs in error, *vs.* S. Stricker & Co., *et al.*, defendants in error.

Prior to the passage of the act of February 24th, 1866, T., being insolvent, made, in Tennessee, an assignment to be executed in this State, by which he conveyed property to a trustee, for the benefit of a portion of his creditors, to the exclusion of other creditors, in the equal participation thereof. *Held* that the assignment was void, under sec. 1954 of the Code, which was then of force, and there is no way by which this Court can give it operation as to property in Georgia.

Injunction. Demurrer. Decided by Judge Warner. Fulton Superior Court. April Term, 1867.

A sketch of this voluminous record is sufficient for an understanding of the case.

Stricker & Co., and Lewis & Co., respectively sued out attachments against John F. Tinkham's property, in Fulton county, Georgia, and had them levied. They were returnable to the Superior Court of that county. Tinkham, for himself and his creditors, filed a bill, alleging that, before said attachments issued, he, in the State of Tennessee, had assigned all of said property in Georgia, for the purposes named in the assignment, and prayed injunction against the sale of said property by said attachments, and for a receiver to take charge of the same, and sell it, etc.

Mason & Fant, *et al.*, *vs.* Stricker & Co., *et al.* .

The bill further stated that the assignment did not conform to the laws of this State because it was drawn by a Tennessee lawyer, not conversant with them, and prayed for a reformation of it, to make it conform to our laws.

Earnest was appointed receiver, and under an order of the Chancellor took possession of the goods and property and sold them.

The attorneys for said plaintiffs in attachment demurred to said bill, the demurrer was overruled, they brought the case to this court, to December Term, 1866, when and where the judgment below was reversed, because under our act of 1818 the assignment was void, and the bill was ordered to be dismissed.    This was made the judgment of the court below.

After this, Mason & Fant, of Ohio, and others of the creditors, provided for by the assignment aforesaid, filed a bill in the District Court of the United States, for the Northern District of Georgia, against said Earnest, receiver, claiming under said assignment and praying that it might be construed and enforced according to the laws of Tennessee, that Earnest should be decreed to distribute the proceeds of the goods, etc., in his hands, according to said assignment, and for injunction against any proceeding in Fulton Superior Court in the premises, inconsistent with the said claim, under said assignment. Judge Erskine (United States District Judge) refused the injunction.    Meanwhile the plaintiffs in attachments procured their judgments.

At April Term, 1867, of Fulton Superior Court, these plaintiffs in attachment moved that Earnest pay the proceeds of the goods, levied on by said attachments, admitted to be in his hands, over to the sheriff that he might apply it to said attachment *fi. fas.* in his hands.

Then Mason & Fant brought to the notice of the Court the fact that their said bill was pending in the United States District Court, averred that they, although they had filed an answer to Tinkham's first bill, had been ruled not to be proper parties, and therefore had never been heard ; said that the judgments on said attachments were irregularly obtained, etc., that all the creditors resided out of this State, and

prayed that the receiver be allowed to answer said bill in the United States District Court, and meanwhile hold the funds until a final decree in that Court. The Judge refused to grant this order, but on the contrary granted the order asked for by plaintiffs in attachment.

The refusal of the one and the grant of the other, as aforesaid, are the grounds of error assigned.

ARNOLD & BROYLES, for plaintiffs in error, said the assignment was not void, citing Cary vs. Giles, 10th Ga., 34; Bank vs. Clapp, 12th Ga., 523, Herschfeld vs. Dexel, ib., 586; Jackson vs. Johnson, 34th Ga., 520–586; Valentine's Digest, sec. 1593; Burrill on assignments, 123, 196, 362, 367, 370; 7th Humphrey's Rep., 191; Story on Con. of Laws, secs. 532, 592; and that the attachments were irregular, citing our Code.

JOHN L. HOPKINS, L. E. BLECKLEY, by the Reporter, for defendants in error, replied it was *res adjudicata,* and cited Stricker & Co. vs. Tinkham, 35th Ga. R., 176.

HARRIS, J.

Tinkham, a citizen of the State of Tennessee, owning property both real and personal in the city of Atlanta, Georgia, made, in the State of Tennessee, a written assignment in behalf of his Tennessee creditors, and conveyed to James Harlee, of Atlanta, for such purpose, the property aforesaid. In Fulton county attachments were pending at the instance of other persons, levied on said property. The complainants filed their bill in Fulton Superior Court, to enforce the assignment in their favor.

The plaintiffs in error seek to give effect to the Tennessee assignment by virtue of a principle of international law which we fully recognize, viz: that an assignment good by the laws of a State where it is made, is good everywhere else. We regret that we are not permitted to allow that principle, so valuable in itself, to control our decision. *At the time* the deed of assignment was made by Tinkham, there existe da provision in our civil Code declaring all such assign-

ments made to take effect here (as this manifestly was intended to do) *to be void.* Since then this has been repealed, but without giving validity to assignments originally void.

At the December Term of this Court, in the case of Tinkham vs. Stricker, *et al.*, I find that the validity of this identical Tennessee assignment was drawn in question, and was decided by the Judges who heard the argument, Chief Justice Lumpkin and Judge Walker, *to be void* under our Code. Whilst it may safely be conceded that that decision should not affect the rights of complainants here who were not parties to that cause, I see no way by which this Court can give operation *as to the property in Georgia,* to an instrument void under our laws at the time it was executed.

Judgment affirmed.